**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Marquez Mitchell-Spann, | ) | Case No. 0:21-cv-3153-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Sheriff Al Cannon Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 29) recommending that the Court dismiss Petitioner's amended petition without prejudice and without requiring the Respondent to file a return. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's amended petition without prejudice.

I.      **Background**

Petitioner, a state pre-trial detainee proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently being held at the Sheriff Al Cannon Detention Center in Charleston County facing charges for, inter alia, state armed robbery. Petitioner asks the Court to dismiss the charges brought against him in state court. (Dkt. No. 17 at 6-8) (arguing that "due to the lack of investigation in this case from Detectives[,] I ask[] for the charge to [be] dismiss[ed] [for] violating the due process law").

Petitioner filed his original petition on September 28, 2021.

On November 15, 2021, the Magistrate Judge filed an R&R recommending that Petitioner's original petition be dismissed without prejudice. (Dkt. No. 14).

Petitioner filed an amended petition on November 16, 2021. (Dkt. No. 17).

On December 6, 2021, the Court declined to adopt the Magistrate Judge's November 15, 2021, R&R as moot considering Petitioner's amended petition. (Dkt. No. 25).  The Court rereferred the matter to the Magistrate Judge for consideration of the amended petition.

On January 1, 2022, the Magistrate Judge filed an R&R recommending that the Court dismiss the amended petition without prejudice. (Dkt. No. 29 at 2) ("Like the original petition, the Amended Petition merely seeks to argue that the evidence against [Petitioner] in his criminal case does not show that he is guilty.").  Petitioner did not file objections to the R&R.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

## III.   Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the amended petition should be dismissed without prejudice.  Namely, the Magistrate Judge correctly determined that this Court lacks jurisdiction to hear this case because "it has no authority

to investigate the veracity of evidence against Petitioner in his state criminal proceedings." *See* (Dkt. No. 29 at 2) (adopting by reference Report and Recommendation, (Dkt. No. 14 at 2) (recommending that Petitioner's initial petition be dismissed without prejudice)). Simply put, to the extent Petitioner asks the court to interfere in his state criminal prosecution, that relief is not available here. *See Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987) (providing that federal habeas corpus cannot be used to dismiss an indictment or prevent a prosecution). To the extent Petitioner instead seeks injunctive relief in his state criminal case pursuant to 42 U.S.C. § 1983, that relief is also not available here. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating 42 U.S.C. §1983 is not the proper vehicle to challenge the validity or duration of confinement). *See also Younger v. Harris,* 401 U.S. 37 (1971) (federal courts should not equitably interference with state criminal proceedings except in the most narrow and extraordinary of circumstances—circumstances not present here).

## IV.     Certificate of Appealability

A Certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  Where the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that this Court lacks jurisdiction over Petitioner's amended petition.

## V.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 29) as the order of Court and **DISMISSES** this action without prejudice.  All other pending motions are **DENIED AS MOOT.** The Clerk is directed to close this case.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 26, 2022
Charleston, South Carolina